

AARON R. EASLEY
(908) 237-1660
aeasley@sessions.legal

November 13, 2020

Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street
New York, NY 10007-1312

      Re:    **Emmanuel Torres v. Wakefield & Associates et al.**
              **Case No. 1:20-cv-09343-MKV**

Dear Judge Vyskocil:

      Sessions, Israel & Shartle represents Rural Metro Ambulance Corp. ("RMA") in the above matter. RMA submits the instant pre-motion letter in support of its request to file a Motion to Dismiss plaintiff's complaint for failure to state a claim.

      Plaintiff's complaint sets forth claims that have as their basis alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and New York General Business Law ("GBL") § 349. He has also asserted a fraud claim. Specifically, plaintiff alleges that: "creditor" RMA sought to collect a debt plaintiff contends he does not owe; "a derogatory credit entry has been placed on his credit file by Defendant Wakefiled & Associates;" he filed a dispute with Experian and that "Defendant Wakefield & Associates … reported to Experian that the debt was accurate and correct…;" and "Defendant Wakefield & Associates [ ] failed to verify and validate the debt or provide the evidence of the debt sought to be collected." *Pl.'s Compl.* Based upon this, plaintiff contends RMA undertook deceptive acts and practices (a claim founded upon GBL 349), failed to provide validation of the subject debt (a claim founded upon the FDCPA), falsely validated the debt to a credit reporting agency during a dispute (a claim founded upon the FCRA), and made false and misleading statements that constitute fraud. For the foregoing reasons, all claims have no basis and should be dismissed.

      **A.**    ***RMA is a Creditor and is Not Subject to the FDCPA***

      In order to establish a violation under the FDCPA, (1) the plaintiff must be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector" and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Plummer v. Atlantic Credit & Finance, Inc.*, 66 F.Supp.3d 484, 488 (S.D.N.Y. 2014).

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

Torres v. Wakefield & Associates, et al.
November 13, 2020 – Page 2

Plaintiff cannot succeed on his FDCPA claim against RMA for at least 2 reasons. ***First***, as a matter of undisputed fact (indeed, plaintiff has admitted in his complaint), RMA is a "creditor," *not* a debt collector. ***Second***, RMA does not meet the statutory definition of a FDCPA "debt collector" covered by the statute.

### 1. *RMA is a Creditor – <u>Not</u> a Debt Collector*

The "general rule [is] that creditors are *not* subject to the FDCPA." *Vincent v. The Money Store*, 736 F.3d 88, 97 (2nd Cir. 2013) (emphasis added). A "creditor" is "any person who offers or extends credit creating a debt *or to whom a debt is owed*." § 1692a(4) (emphasis added). Plaintiff has admitted twice in his complaint that RMA is a creditor to whom he is alleged to owe a debt.

### 2. *RMA Does Not Meet the Definition of a "Debt Collector"*

The FDCPA may encompass a "creditor," or any other person or entity, if that person or entity otherwise meets the definition of a "debt collector" set forth in 15 U.S.C. § 1692a(6). Per the statute, "a 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff cannot satisfy any component of this statutory definition. In addition to the fact that plaintiff has admitted RMA is a creditor, plaintiff has in his complaint defined Wakefield as a debt collector, verified Wakefield is a licensed in New York as a debt collector, and alleged that Wakefield is the entity that attempted to collect the debt and allegedly failed to respond to plaintiff's requests for validation of the debt. Not surprisingly, the Complaint makes no factual allegations from which the Court could even plausibly infer RMA regularly engages in debt collection.

### B. *There is no basis for an FCRA claim against RMA*

Plaintiff alleges that "Defendant," singular, reported inaccurate information to Experian credit reporting agency and that he filed a dispute with Experian. He goes on to state that Wakefield, apparently in response to the dispute, reported that the debt was accurate. While RMA disputes that it credit reported the subject debt,[1] for purposes of this pleading, and assuming, *arguendo*, that plaintiff intends that RMA also be subject to the FCRA, there is still no basis for an FCRA claim against RMA. Plaintiff has not alleged that he submitted a dispute with Experian relates to any credit reporting allegedly done by RMA and that Experian notified RMA of a dispute. These are essential elements to his FCRA claim.

---

[1] RMA denies that it credit reported (i.e., furnished information to a credit reporting agency) the subject debt. However, given that RMA is constrained in a motion to dismiss to accept the allegations as true, RMA will address and refute the FCRA claim.

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

Torres v. Wakefield & Associates, et al.
November 13, 2020 – Page 3

Under the FCRA, as a furnisher of information to consumer reporting agencies has a duty to provide accurate information, § 1681s–2(a), and a duty to undertake an investigation of any dispute regarding the accuracy of that information upon receipt of notice of dispute directly from a consumer reporting agency. Critically, the duty of re-investigation does not arise if the dispute is sent directly by the consumer to the furnisher. § 1681s–2(b); *see also Purcell v. Bank of America,* 659 F.3d 622, 623 (7th Cir.2011).

1. ***There is no basis for a private right of action under § 1681s-2(a) of the FCRA***

While 15 U.S.C. § 1681s-2(a) dictates that a furnisher of credit information has a duty to provide accurate information, courts have made clear that "this section cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355 (3d Cir. N.J. 2011). In other words, § 1681s-2(a) is enforced exclusively by governmental agencies and officials, as provided in 15 U.S.C. §§ 1681s–2(c)(1) and 1681s–2(d). *Purcell*, 659 F.3d at 623-24. Thus, to the extent plaintiff alleges that RMA is liable to him for the reporting of inaccurate information, standing alone, that claim fails as a matter of law because plaintiff has no private right of action to enforce § 1681s-2(a).

2. ***Plaintiff has failed to state a claim under § 1681s–2(b) as he never alleged that a credit reporting agency gave RMA notice of plaintiff's dispute***

Section 1681s-2(b) can be enforced by a private citizen seeking to recover damages caused by a furnisher of information. *See Chiang v. Verizon New England Inc.,* 595 F.3d 26, 35 (1st Cir. 2010); *Gorman*, 584 F.3d at 1154; *Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3d 142, 149 (4th Cir. 2008). Section 1681s-2(b) imposes duties on furnishers of information to conduct a reasonable investigation upon receiving notice of a dispute about the accuracy of that reporting. *See* 15 U.S.C. § 1681s-2(b).

The statutory language makes clear that the duties created by § 1681s–2(b) do not arise until the furnisher of information first receives notice from a credit reporting agency pursuant to § 1681i(a)(2) that a consumer is disputing the reported credit information. In the absence of allegations or evidence that notice from a credit reporting agency was given to a furnisher, a § 1681s-2(b) claim fails as a matter of law. *See Brown v. Wal-Mart Stores, Inc.*, 507 Fed.Appx. 543, 547, 2012 WL 6051957, *4 (6th Cir. 2012); *Farris v. Morgan Stanley Dean Witter Credit Corp.*, 2010 WL 3023808, *5 (E.D.Mich. 2010); *Ferrarelli v. Federated Fin. Corp. of America*, 2009 WL 116972, *4 (S.D.Ohio 2009). Fatal to plaintiff's claims here, a consumer that directly contacts the furnisher of the credit information does not actuate the furnisher's duty to investigate a dispute. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir.2002).

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

Torres v. Wakefield & Associates, et al.
November 13, 2020 – Page 4

To be clear, a private right of action exists under § 1681s2-(b) only if the furnisher received notice directly from a consumer reporting agency, as opposed to from the plaintiff alone, that the credit information was disputed. *See Chiang*, 595 F.3d at 35 n.8; *Gorman*, 584 F.3d at 1154; *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Gulley v. Pierce & Associates, P.C.*, 436 Fed.Appx. 662, 665, 2011 WL 3624995, *2 (7th Cir. 2011); *Hukic v. Aurora Loan Services*, 588 F.3d 420, 434 (7th Cir. 2009); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.2005). Indeed, "[u]nder the statutory language, notification from the consumer [to the furnisher] is not enough." *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 782 (W.D.Ky. 2003).

Here, plaintiff has not alleged that he contacted any credit reporting agency relative to RMA nor that the agency, in turn, contacted RMA, thereby triggering RMA's duty to investigate. "A direct consumer complaint to a furnisher does not trigger the furnisher's obligations under section 1681s-2(b); rather, those obligations begin when the furnisher receives notice from a CRA that a consumer disputes a reported item." *Lang v. TCF Nat. Bank*, 2008 WL 5111223 at *3 (N.D.Ill. Dec. 1, 2008).

Because there are no allegations that plaintiff disputed the debt with a credit reporting agency relative to RMA, or that RMA received notice of the dispute or failed to conduct an investigation, no viable cause of action under the FCRA has been pled, merely premised on reporting a debt to a credit reporting agency. *Bengtson v. Capitol One Bank,*, 2014 WL 713208 at *4 (W.D.Wis. Feb. 25, 2014).

    C.    ***Plaintiff has failed to allege a plausible claim for relief under GBL 349***

Plaintiff's action is specific to him. It does not concern a harm to the public, and thus his GBL 349 claim should be dismissed.

As the Court is aware, GBL 349(a) provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." To state a claim under G.B.L. § 349, Plaintiff must allege that, "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir.2009); *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000).

The determination of whether GBL 349 was violated "may be determined as a matter of law or fact." *JPMorgan Chase Bank, N.A. v. Controladora Commercial Mexicana S.A.B. DE C.V.,* 2010 WL 4868142, at *11 (Mar. 16, 2010) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A,* 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995)).

Plaintiff's claim fails because he cannot satisfy the first hurdle for the GBL claim, as the act here does not involve a consumer-oriented practice. Instead, the activity alleged in the

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

Torres v. Wakefield & Associates, et al.
November 13, 2020 – Page 5

complaint concerns a specific attempt (by Wakefield) to collect a debt plaintiff contends he does not owe to RMA. "Private contract disputes, unique to the parties, do not fall within the prohibitions of § 349. ... Indeed, courts generally find that a plaintiff states a claim under § 349 only when they 'allege a harm to public health or safety.'" *Clover Pool Supply Co. v. Cent. NY News, Inc.,* No. 05-CV-6372T, 2006 WL 3359323, at *4 (W.D.N.Y. Nov. 17, 2006).

It is indisputable that plaintiff's claim is unique to him. Consequently, plaintiff's GBL 349 claim fails and should be dismissed.

    D.    *Plaintiff cannot satisfy the elements of a fraud claim*

Plaintiff cannot prove common law fraud under New York law. As the Court is aware, "[t]he elements of common law fraud are a material, false representation, an intent to defraud thereby and reasonable reliance on the representation, causing damage to plaintiff." *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970-71 (2d Cir. 1987). Further, "each element of a fraud claim must be shown by clear and convincing evidence." *Banque Arabe v. Maryland Ntl. Bank*, 57 F.3d 146, 153 (2d Cir. 1995).

Based upon the most lenient view of plaintiff's complaint, he cannot satisfy the requirements of a fraud claim. His action is founded upon a contention that RMA sought to collect a debt that he does not owe. Assuming, *arguendo*, that plaintiff is correct that he does not owe the subject debt, at worst, the facts here amount no more than an administrative error on the part of RMA. What's more, plaintiff did not pay the debt and thus cannot prove reliance to his detriment nor damages. For these reasons, plaintiff's fraud claim must be dismissed.

For the foregoing reasons, RMA requests a pre-motion conference and entry of a briefing schedule.

Respectfully submitted,

/s/ Aaron R. Easley

ARE:cjg

cc: Emmanuel Torres (Via First Class Mail)
    Counsel of Record (via ECF)