UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EMMANUEL TORRES                           Case No 20-CV-9343
                    Plaintiff
    -against-

WAKEFIELD & ASSOCIATED
RURAL-METRO AMBULANCE CORP

                    Defendant
-----------------------------------------------------------X

**MEMORANDUM OF POINTS AND AUTHORITIES**

[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, see 28 U.S.C. § 1332." Id. Pursuant to 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

As relevant here, district courts have original jurisdiction over cases "between ... citizens of different states," where the amount in controversy exceeds $75,000. Id. § 1332(a). On the flip side, "a district court must remand [an] action to state court if it determines that it lacks subject matter jurisdiction." Qadar v Citibank, 927 F. Supp. 2d 86, 87 (S.D.N.Y. 2013) (citing 28 U.S.C. § 1447(c) and in re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 121-22 (2d Cir. 2007)). Due to the "'congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" Purdue Pharma L.P., 704 F.2d at 213 (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted). As may be pertinent here, when an action is removed on the basis of diversity, the party invoking jurisdiction bears "the burden of establishing that the requirements for diversity jurisdiction are met," Mechlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000), at the time of removal, Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed."). Defendants must establish that Plaintiff and Defendants are citizens of different states, see 28 U.S.C. § 1332(a)(a), and that there is "a reasonable probability" that the claim exceeds the sum or value of $75,000, see Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).

An action filed in state court may be properly removed by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general matter, removal jurisdiction must be "strictly construed," Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states," In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). Therefore, "[a] party seeking removal bears the burden of showing that federal jurisdiction is proper." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011).

A defendant may remove a civil action from state to federal court "only if [the case] could have originally been commenced in federal court." Allstate Ins. Co. v. Ace Sec. Corp., No. 11 Civ. 1914(LBS), 2011 WL 3628852, at *3 (S.D.N.Y. Aug. 17, 2011); see 28 U.S.C. § 1441(a). "If a case is removed and a federal district court determines that it lacks jurisdiction over the matter, it must be remanded." Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927(RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994); see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

Accordingly, it is proper for courts to take judicial notice of the existence of such documents. See Roe v. Johnson, 334 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2004) (recognizing that a court, pursuant to Rule 201(b), may take notice of the public record, including complaints and court opinions); see also A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG, 926 F. Supp. 378, 387 (S.D.N.Y. 1996) (in taking judicial notice of a judgment in the prior related matter Emmanuel Torres v Bay Aera Credit Service et al currently on Appeal to the Second Circuit Court of Appeal 20-0297-CV.

"[t]he Second Circuit has noted that Rule 201 permits a court to take judicial notice of the prior proceeding). Through its accompanying Motion, plaintiff request the Court to take judicial notice of the existence of the specific court filing identified below which Plaintiff references the existence of the prior filed notice of removal. At paragraph 3 and 6 of the Notice of Removal, there is no dispute regarding the existence of these documents. See 21B Wright & Graham, Federal Practice and Procedure: Evidence 2d § 5106.4 (noting that, in contrast to facts discussed within court documents, it is proper to take judicial notice of the fact that the court documents exist). Moreover, because Plaintiff references this document in his motion for summary remand, the Court may deem it incorporated as part of the motion. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). Based on the foregoing, plaintiff request that the Court take judicial notice of the existence of the notice of removal.

Paragraph 3 states in relevant part as follows: "The summons and complaint alleges, in sum and substance, that he Defendant violated the Fair Debt Collection Practices Act 15 U.S.C. 1692 et seq, accordingly this action may be removed pursuant to 28 U.S.C. 1441(b) as this court has federal question jurisdiction under 28 USC 1331".

Paragraph 6 states in relevant part as follows: "This notice of removal is timely filed within 30 days after BACS first received a copy of the initial pleadings setting forth the claims for relief and existence of federal question jurisdiction 28 U.S.C. 1446(b);  See Boone v Thane, 07-cv-(SLT) (VPP, 2009 WL 910556 at 2 (EDNY March 31, 2009); citing Fernandez v Hale Trailer Brake & Wheel 332 F. Supp 2d 621,624 (SDNY 2004)".

With regards to the prior litigation Emmanuel Torres v Bay Area Credit Services supra defendant properly removed the prior action based on the federal question jurisdiction under 15 U.S.C.1692. (See Exhibit 2)

However, that being said the instant matter which has been removed does not contain any federal cause of action. Accordingly, Defendants carry the burden of persuasion that there was a basis to remove. In the absence of any articulatable reason summary remand required. Hodges v. Demchuk, 866 F. Supp. 730, 732 supra, see also Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011)., United Food & Commercial Workers Union, Local 919, AFL-CIO v. Center Mark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  For the foregoing reasons plaintiff respectfully request a summary remand and for any such remedies the court may deem proper and just.