## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EMMANUEL TORRES,

        Plaintiff,

                                        Case No.  20-CV-9343

v.

WAKEFIELD & ASSOCIATES
RURAL METRO AMBULANCE CORP


        Defendants.

_____/


## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

    Defendant Rural Metro Ambulance Corp. ("RMA"), through counsel, hereby submits the instant Memorandum of Law in Opposition to plaintiff's Motion to Remand the instant action to State Court.  [Dkt. Nos. 4-6.]  RMA respectfully shows the Court has subject matter jurisdiction over plaintiff's action for the following reasons.

**A.**    **Plaintiff's action is Preempted by the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.***

    Plaintiff's  action, founded upon a complaint that RMA and Wakefield & Associates ("Wakefield") sought to collect from him and credit reported a debt he did not owe, is exclusively governed by the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*  Succinctly, plaintiff's action is founded upon alleged conduct that falls under the governance of the FCRA.[1]

_____

[1]   Plaintiff's action also implicates the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, as plaintiff complains of an attempt to collect a debt he alleges he does not owe and

Plaintiff alleges the following in his complaint:

- Plaintiff Torres was notified by his credit monitoring service LifeLock that a derogatory credit entry has been placed on his credit file by Defendant Wakefield & Associates, the reporting creditor was Rural Metro Ambulance Corp…  Pl's Compl. at ¶ 6.  [Sic.]

- The reporting creditor Rural Metro Ambulance Corp, who sought to collect from an individual named Manuel Torres.  *Id.* at ¶ 7.  [Sic.]

- Plaintiff having no knowledge this matter plaintiff filed a dispute with Experian as the credit reporting agency.  *Id.* at ¶ 8.  [Sic.]

- Defendant Wakefield & Associates Partial Acct. 1191714897005 reported to Experian that the debt was accurate and correct… *Id.* at ¶ 9.  [Sic.]

- On November 30, 2019 Plaintiff Torres was notified by LifeLock of a derogatory credit entry made by Defendant Wakefield & Associates.  *Id.* at ¶ 10.

As a result of this credit reporting and collection effort, plaintiff contends defendants:  (1) "sought to induce Plaintiff through fraud and misrepresentation.  To pay a debt he was not legally responsible for and had no legal duty and or obligation to pay;" [sic] (2) "Defendant with full knowledge of their negligence and intentional error caused a derogatory credit entry to be made on Plaintiff credit file;" [sic] (3) "Defendants and each of them has sought to intentionally deceive Plaintiff.  To pay a debt which he was (a) not

---

that Wakefield failed to "validate."  *See* Pl.'s Compl. at ⸿ 11 ("He also requested that Defendant debt collector send verification and validation of the debt as per the NYC Department of Consumer Debt Collection Guide."); *id*. at ⸿ 13 ("Plaintiff again demanded defendant to validate and verify the debt and to send copies of said evidence to him.  Defendant Wakefield & Associates again failed to verify and validate the debt or provide the evidence of the debt sought to be collected."); and *id.* at ¶ 16 ("Plaintiff send the email request dated August 7, 2020 and as of today, no documents validation or verification has been sent to plaintiff.") [Sic.]  Section 1692g of the FDCPA, entitled "Validation of debts" sets forth the obligations of a det collector relative to a consumer's request for proof or validation related to the debt.  The complaint's reference to duties created by the FDPCA and an alleged failure to comply with §1692g of the FDCPA creates federal question jurisdiction.

legally obligated to pay, (b) was not the actual party who created the debt;" [sic] and (4) "Defendants fraudulently and intentionally verified and validated to Experian the debt was valid." *Id.* at ¶¶ 20, 22, 26 and 28.  Plaintiff has entitled his Causes of Action: "False and Misleading Statements," "Derogatory Credit Injury," " Failure to Provide Validation of Debt Having Requested by Plaintiff to Do So," and "Defendant Falsely Validated Debt to Credit Reporting Agency During Dispute."

In *Deutsch v. JPMorgan Chase & Co.*, 2019 WL 8405264 (S.D.N.Y. Dec. 11, 2019), a case over which the Honorable Vernon S. Broderick presided, plaintiff sought to amend his declaratory and equitable relief claims, which were founded upon "'[his] claim [ ] that Chase is wrongly reporting that [he] is delinquent on an account based on charges he never incurred.'"  *Id.* at * 1.  Judge Broderick denied the request and, in so doing, provided a primer on the workings of the FCRA.  The Court stated:

> [T]he Fair Credit Reporting Act, 'upon which [Plaintiff] concedes [he] does not rely,' (*id.*), preempts such a claim if brought under state law.  *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011) (affirming dismissal of state common law claims as preempted by the FCRA); *Arnold v. Navient Sols., LLC,* No. 1:17-CV-1277 (FJS/DJS), 2018 WL 6671542, at *3 (N.D.N.Y. Dec. 19, 2018) ("Plaintiff's allegations concern Defendant's responsibilities as a furnisher, including both reporting accurate information and complying with obligations to investigate disputed debts; therefore, the FCRA preempts these claims."); *Yolda v. Bank of Am., N.A.*, No. 3:14cv788 (JBA), 2015 WL 4250511, at *3 (D. Conn. July 13, 2015) (dismissing credit defamation claim as preempted by the FCRA). Even if Plaintiff's claim is construed as one arising under federal law, the FCRA does not provide a private cause of action for claims involving furnishing of inaccurate information to credit reporting agencies.  *See, e.g., Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of § 1681s-2(a) …-i.e., knowingly disclosing false information, [or] failing to correct false information."); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010) ("No private right of action exists for violations of § 1681s-2(a)

because this provision 'shall be enforced exclusively' by government officials.); *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419, 423 (S.D.N.Y. 2005) ("In sum, Sections 1681s and 1681s-2 support the inference that Congress intended to limit injunctive relief to state and federal agencies except where otherwise expressly authorized"); *see also Comunale v. Home Depot, U.S.A., Inc.* 328 F. Supp. 3d 70, 81 (W.D.Y.Y. 2018) ("Plaintiff's state law causes of action, which are based upon Defendants' alleged 'willful,' 'negligent,' or 'reckless' reporting of inaccurate information to the credit reporting agencies, are preempted by the FCRA, and insofar as Plaintiff's allegations could be construed as asserting a cause of action to enforce § 1681s-2(a), any such claim must be dismissed for lack of legal standing.")

*Id.*

In *Okocha v. HSBC Bank USA, N.A.*, 700 F.Supp.2d 369 (S.D.N.Y. 2010),  plaintiff disputed owing HSBC Bank for an overdraft account, contended he consistently disputed the debt, requested the bank to provide proof of his having used the account, and registered complaints with the credit reporting agencies.  Plaintiff filed an action asserting claims under the Electronic Funds Transfer Act, the Truth in Lending Act, and the Fair Credit Reporting Act.   Plaintiff also asserted state law claims, including an allegation that the bank defendants "violated "[GBL] Section 349 by (1) failing to maintain and follow reasonable procedures to ensure the accuracy of the information they reported, (2) failing to delete inaccurate information after notification, (3) failing to conduct proper investigations, and (4) reporting to third parties information affecting the plaintiff's reputation for credit worthiness, with knowledge or reason to know that such information was false."  *Id.* at 375.  The Honorable Lewis A. Kaplan determined plaintiff's GBL § 349 claim was preempted by the FCRA: "All of these allegations appear to fall squarely within the subject matter of Section 1681s-2 (duties of Furnishers) and therefore are preempted

by Section 1681t(b)(1)(F).[2]" *See also Zucker v. HSBC Bank, USA*, 2018 WL 2048880, at *10 (E.D.N.Y. May 2, 2018) (slander of credit claim is dismissed as preempted by the FCRA); *Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011) (holding that FCRA preempts both state statutes and state common law action based on purported willful and malicious furnishing of false information about a plaintiff's finances to a consumer credit reporting agency); *Markovskaya v. American Home Mort. Serv., Inc.*, 867 F.Supp.2d 340, 344 (E.D.N.Y. 2012) ("The Second Circuit has clearly held that state law claims such as that alleged by Plaintiff for defamation of credit are preempted by the FCRA.").

In sum, plaintiff's complaint is on all fours with *Deutsch* and *Okocha*. As plaintiff has brought claims of "Derogatory Credit Injury" and "Falsely Validated Debt to Credit Reporting Agency During Dispute," it is indisputable that plaintiff's action can only be founded upon the FCRA, and any state law claim is preempted. In other words, the only plausible and viable claim referenced in the complaint is one under the FCRA, thereby creating federal question subject matter jurisdiction.[3] Thus, RMA submits the Court: (1) has subject matter jurisdiction over plaintiff's Complaint, (2) should deny plaintiff's

---

[2] Section 1681t(b)(1)(F) provides, in pertinent part, that "no requirement may be imposed under the laws of any state with respect to any subject matter regulated under … § 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…"

[3] Plaintiff's Motion to Remand also argues that defendants failed to meet the requirements of diversity jurisdiction. To be clear, defendants did not remove the action based upon diversity jurisdiction, and defendants do not argue that diversity jurisdiction is applicable here.

motion; and (3) should set a date for a pre-motion conference to discuss RMA's request for permission to file a Motion to Dismiss plaintiff's Complaint.

Dated:  November 23, 2020

Respectfully Submitted,

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (ae9922)
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
E-Mail:  aeasley@sessions.legal
Attorney for Defendant,
Rural Metro Ambulance Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Southern District of New York and served upon the following via

/s/ Aaron R. Easley
Aaron R. Easley, Esq.