UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL TORRES

        Plaintiff,

vs.

WAKEFIELD & ASSOCIATES
RURAL METRO AMBULANCE CORP.

        Defendants.

Case No.: 20-cv-9343

**DEFENDANT WAKEFIELD & ASSOCIATES'**
**ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendant Wakefield & Associates ("Defendant"), by and through its undersigned attorneys, Lippes Mathias Wexler Friedman LLP, answering the Complaint, on information and belief:

**INTRODUCTION**

1. Defendant admits that Plaintiff files this action alleging claims pursuant to the New York Fair Debt Collection Practices Act Sec 601(8) and General Business Law 349. Defendant denies violating any of these provisions.

**PARTIES TO THE ACTION**

2. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 2; therefore, Defendant denies the same.

3. Defendant admits Paragraph 3.

4. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 4; therefore, Defendant denies the same.

## JURISDICTION AND VENUE

5. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 5; therefore, Defendant denies the same.

## STATEMENT OF FACTS

6. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 6; therefore, Defendant denies the same.

7. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 7; therefore, Defendant denies the same.

8. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 8; therefore, Defendant denies the same.

9. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 9; therefore, Defendant denies the same.

10. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 10 therefore, Defendant denies the same.

11. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 11; therefore, Defendant denies the same.

12. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 12; therefore, Defendant denies the same.

13. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 13; therefore, Defendant denies the same.

14. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 14; therefore, Defendant denies the same.

15. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 15; therefore, Defendant denies the same.

16. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 16; therefore, Defendant denies the same.

### FIRST CAUSE OF ACTION

17. Defendant reincorporates the preceding paragraphs as if fully set out herein.

18. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 18; therefore, Defendant denies the same.

19. Defendant admits it keeps its own internal records. Defendant denies the remainder of Paragraph 19.

20. Defendant denies Paragraph 20.

### SECOND CAUSE OF ACTION

21. Defendant reincorporates the preceding paragraphs as if fully set out herein.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

### THIRD CAUSE OF ACTION

24. Defendant reincorporates the preceding paragraphs as if fully set out herein.

25. General Business Law § 349 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies Paragraph 26.

### FOURTH CAUSE OF ACTION

27. Defendant reincorporates the preceding paragraphs as if fully set out herein.

28. Defendant denies Paragraph 28.

## FIRST AFFIRMATIVE DEFENSE

29. Plaintiff has failed to mitigate damages, if any.

## SECOND AFFIRMATIVE DEFENSE

30. Plaintiff's damages, if any, are the result of a pre-existing injury.

## THIRD AFFIRMATIVE DEFENSE

31. Any violation, if it occurred, is a result of a bona fide error.

## FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's damages complained of are the result of a third party over whom Defendant has no control.

WHEREFORE, Defendant Wakefield & Associates, respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:      November 27, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant Wakefield & Associates
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

   I hereby certify that on November 27, 2020, I electronically filed the foregoing Answer via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the Answer was also sent by first class mail to Plaintiff Emmanuel Torres at:

Emmanuel Torres
120 Alcott Place, Apartment 28E
Bronx, NY 10472

               /s Brendan H. Little
               Brendan H. Little, Esq.