UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL TORRES,

               Plaintiff,

-against-

WAKEFIELD & ASSOCIATES, and RURAL METRO AMBULANCE CORP.,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/2021

1:20-cv-09343-MKV

ORDER REMANDING CASE

MARY KAY VYSKOCIL, United States District Judge:

    This case was removed from New York Supreme Court, Bronx County to this Court on November 6, 2020. Defendant Rural Metro Ambulance Corp. ("Rural Metro") filed the Notice of Removal, and therein stated that Defendant Wakefield & Associates ("WA") consented to removal. *See* Notice of Removal, ECF No. 1, ¶ 6. Rural Metro asserted that the case properly was removable on the basis of federal question jurisdiction. *See* Notice of Removal ¶ 5.

    Plaintiff timely filed a motion to remand this case to state court. *See* ECF Nos. 4-6. Plaintiff seeks remand on the basis that his Complaint does not state specifically any claim for relief based on a federal statute. *See* Memorandum of Points and Authorities in Support of Motion to Remand, ECF No. 6, at 5. Rural Metro opposes remand. *See* Memorandum in Opposition to Motion to Remand, ECF No. 9 ("Opposition"). To date, WA has not filed anything related to the Motion, and no Reply has been filed. For the reasons stated herein, the Motion to Remand is GRANTED.

    "[D]efendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). To do so, in its Opposition to Remand, Rural Metro cites several decisions from courts in this Circuit holding that certain state claims are preempted by the

1

federal Fair Credit Reporting Act ("FCRA") and, to a lesser extent, Fair Debt Collection Practices Act ("FDCPA"). *See* Opposition at 3-5. In essence, Rural Metro submits that such preemption means that Plaintiff could only succeed by bringing federal claims. *See* Opposition at 5. However, whether the claims as pleaded in Plaintiff's complaint can succeed is not the operative question for the purposes of removal.

"Ordinarily, preemption is a defense to be asserted in state court and not a ground for removal, except in a limited number of cases in which 'complete preemption' applies. 'Under the complete-preemption doctrine, certain federal statutes are construed to have such "extraordinary" preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—i.e., completely preempted.'" *Holmes v. Experian Information Solutions, Inc.*, 507 Fed. App'x 33, 34 (2d Cir. 2013) (summary order) (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272-73 (2d Cir. 2005)).

The FCRA may preempt certain of Plaintiff's claims. For example, claims pursuant to New York General Business Law Section 349 concerning a defendant's obligation as a "furnisher" of information to credit reporting agencies are preempted by the FCRA. *See Ritchie v. Northern Leasing Systems, Inc.*, No. 12-cv-04992 (KBF), 2016 WL 1241531, at *19 (S.D.N.Y. Mar. 28, 2016) (holding that General Business Law § 349 claims are preempted by the FCRA and collecting cases). However, the FCRA does not "completely preempt" all state law claims, as is required for it to be a basis for removal. *See, e.g.*, *Galper v. JPMorgan Chase Bank, N.A.*, 802 F.3d 437, 441-42 (2d Cir. 2015) (claims sounding in identity theft are not preempted by the FCRA); *McClung v. Credit Acceptance Corp.*, No. 3:14-cv-1365 (GLS/DEP), 2015 WL 5638223, at *5 (N.D.N.Y. Sept. 24, 2015) (noting that "[w]ith respect to the FCRA, courts have generally held that it does not provide a basis for removal of state law claims pursuant to the

complete preemption doctrine" and collecting cases).  Indeed, "the majority of our sister courts" have found that "although FCRA may provide [a defendant] with a defense of preemption in this case, it does not have the requisite extraordinary preemptive force to support complete preemption."  *McClung*, 2015 WL 5638223, at *5.

The Court here agrees with that majority of other courts.  "Plaintiff's complaint does not in any fashion allege the violation of any federal law and defendants cannot rely on the complete preemption removal doctrine to convert plaintiff's state law claim into an FCRA claim."  *Gonzalez-Blanco v. Bank of Am., N.A.*, No. 11-cv-07139 (TPG), 2011 WL 5433687, at *1 (S.D.N.Y. Nov. 9, 2011).  Consistent with the instruction that "the statutory procedures for removal are to be strictly construed," and that any doubts about jurisdiction should be resolved "against removability," *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal citations omitted), Plaintiff's claims should be litigated in New York state court, and Defendants properly may present any arguments about preemption as a defense to the action.  The Motion to Remand is GRANTED.

The Clerk of Court respectfully is requested to close this case and remand it to the New York Supreme Court, Bronx County.

The Clerk of Court also is requested to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Date:  **January 20, 2021**
      **New York, New York**
                                                 **MARY KAY VYSKOCIL**
                                                 **United States District Judge**